UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

GILVER DORANTE-VARGAS,

Petitioner,

v.

WARDEN, BLUEBONNET DETENTION FACILITY,[1]

Respondent.

No. 1:26-CV-00408-H

**ORDER**

Petitioner Gilver Dorante-Vargas, a self-represented immigrant detainee, filed a habeas petition to challenge his detention pending immigration proceedings. Dkt. No. 1. He also moved for injunctive relief in the form of immediate release on conditions, Dkt. No. 4, and appointment of counsel, Dkt. No. 6. As explained below, the motions are denied.

**1. Release**

Federal Rule of Civil Procedure 65 authorizes courts to issue temporary restraining orders and injunctions. A temporary restraining order, or TRO, is "simply a highly accelerated and temporary form of preliminary injunctive relief." *Hassani v. Napolitano*, No. 3:09-CV-1201, 2009 WL 2044596, at *1 (N.D. Tex. July 15, 2009). Thus, the party seeking a TRO or preliminary injunction must satisfy the same four-factor standard for preliminary injunctive relief. *Greer's Ranch Café v. Guzman*, 540 F. Supp. 3d 638, 645 (N.D. Tex. 2021). The party seeking relief must show (1) a substantial likelihood of success on the

[1] The Clerk is directed to change the caption to reflect that the Warden of the Bluebonnet Detention Facility is the only proper respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (explaining that there is generally only one proper respondent in a habeas case, and that is the person who holds the petitioner in custody). All other named respondents will be terminated from this civil action.

merits; (2) a substantial threat of irreparable harm; (3) the balance of hardships weighs in the movant's favor; and (4) issuing the injunction will not disserve the public interest. *Daniels Health Scis., LLC v. Vascular Health Scis., LLC*, 710 F.3d 579, 582 (5th Cir. 2013).

A TRO, like any injunction, is an "extraordinary remedy." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976). "The decision to grant [such relief] 'is to be treated as the exception rather than the rule.'" *Jones v. Bush*, 122 F. Supp. 2d 713, 718 (N.D. Tex. 2000) (quoting *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)). To prevail, the movant "must satisfy a cumulative burden of proving each of the four elements" for injunctive relief. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). "Otherwise stated, if a party fails to meet *any* of the four requirements, the court cannot grant the TRO or preliminary injunction." *Speed v. America's Wholesale Lender*, No. 3:14-CV-3425, 2014 WL 4755485, at *1 (N.D. Tex. Sept. 24, 2014) (emphasis in original).

Here, the Court must deny the motion for immediate release on conditions because it improperly seeks the same ultimate relief sought in the petition. "The purpose of a preliminary injunction is to preserve the *status quo* and prevent irreparable injury until the court renders a decision on the merits." *Sambrano v. United Airlines, Inc.*, No. 21-11159, 2022 WL 486610, at *4 (5th Cir. Feb. 17, 2022); *see also Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974) (explaining that the purpose of a TRO is to "preserv[e] the status quo and prevent[] irreparable harm just so long as is necessary to hold a hearing, and no longer"). Thus, the Court cannot give Petitioner "the ultimate relief requested" in the form of a preliminary injunction or TRO; it can "only preserve the *status quo*." *Ramirez Rios v. Noem*, 3:25-CV-522, 2025 WL 3220095, at *1 (W.D. Tex. Nov. 7, 2025).

Petitioner's motion appears to request the same relief sought in his habeas petition. Indeed, the arguments supporting the motion "focus on the harms of mandatory detention without bond." *Perez v. Noem*, No. 3:25-CV-2920, 2025 WL 3532430, at *6 (N.D. Tex. Nov. 14, 2025), *R. & R. adopted*, 2025 WL 3530951 (Dec. 9, 2025). He requests that the Court order his immediate release on conditions, Dkt. No. 4, but the ultimate relief he seeks in his petition is also release from custody or a bond hearing, Dkt. No. 1 at 31. Because the preliminary relief sought in the motion improperly seeks the same ultimate relief requested in the petition, the motion is denied.

**2. Appointment of Counsel**

Petitioner also requests appointment of counsel. Dkt. No. 6. A court may appoint counsel to represent a person pursuing federal habeas corpus relief. 18 U.S.C. § 3006A. But there is no Sixth Amendment right to appointed counsel in habeas actions. *Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987). A court may appoint counsel for a financially eligible habeas petitioner when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2); *see also* Misc. Order No. 3 (N.D. Tex. Dec. 20, 2018).

Here, Petitioner has not shown that he is financially eligible, nor has he demonstrated that the interests of justice require appointment of counsel at this stage of the case. Petitioner submitted organized, thoughtful arguments in his petition. He has not shown that his case is so legally or factually complex that he is unable to adequately investigate and present his claim and no hearing has been scheduled.

The Court may appoint counsel if, upon review of the pleadings and relevant records, the Court determines Petitioner is financially eligible and that he may be eligible for relief, that an evidentiary hearing is required, or that the Court would benefit from briefing

filed by counsel on his behalf. Petitioner's motion for appointment of counsel, Dkt. No. 6, is denied at this time.

Petitioner's petition remains pending, and the Court will enter a separate order requiring the respondent to file an answer and setting a briefing schedule.

So ordered.

Dated August 18, 2026.

JAMES WESLEY HENDRIX
United States District Judge